### Meara's Estate.

*Wills—Construction—Residuary bequest.*

After providing for the payment of funeral expenses out of the insurance on her life, testatrix bequeathed "all i [she] have left to my daughter," B., with the exception of $300, to be used for the establishment of a Catholic chapel: *Held*, that B. took the general residue, and not merely what was left of the insurance money after the funeral expenses had been paid.

Exceptions to adjudication. O. C. Phila. Co., Oct. T., 1922, No. 809.

Testatrix died Oct. 30, 1921, leaving a will dated May 1, 1916, the sole bequest of which was: "I Julia C. Meare of the city of Philadelphia State of Pennsylvania being of Sound Mind and Memory and Understanding, do Make my Last Will and testament in manner and form following first all my funrele expense to be paide out of my insurence and all i have left to my Daughter Bella Meara with the exception of 3 hundred dollars for a Catholic Chappel in some forien Mission in Meomery of My Husband Charls J. Meara. If they have any money in bank i leave it also to Bella as she has always lived with me and taken care of me, the House i live in also 3921 Pine st should she be living at my death."

Testatrix left two children; only one of whom was named in her will. The other daughter, one Mary F. Higgins, contended that testatrix died intestate,

3 D. & C.

except as to the proceeds of her insurance policy, money in bank and premises 3921 Pine Street, and that the only sum of money that could be awarded under the gift of $300 to the Catholic chapel, was the balance remaining of the insurance money after the payment of the funeral expenses.

The auditing judge rejected both of these contentions, and construed the will as follows: "She desired her funeral expenses to be paid out of her insurance money, which, doubtless, was maintained for that purpose, and all that was left she desired to go to her daughter, Bella, with the exception of $300 for a Catholic chapel. This is clearly the meaning of the will of testatrix, and I so construe it."

To which action exceptions were taken.

*Francis E. Bucher*, for exceptions.

*Harvey Geiger*, for Bella Meara, and *Daniel C. Donoghue* and *James Fitzpatrick*, for Society for the Propagation of the Faith, contra.

PER CURIAM, April 19, 1923.—We find no merit in the exceptions.

After providing that her funeral expenses should be paid out of her insurance, testatrix proceeded: "and all i have left to my Daughter Bella Meara" with the exception of $300.00, which was to be used for the establishment of a Catholic Chapel. It would be a forced and strained construction to hold that by the expression "all i have left" testatrix meant no more than what remained from the insurance money after paying the undertaker's charges. Moreover, such construction would result in an intestacy, wherein another daughter would take one-half of the residue, in the face of the fact that testatrix further explains in her will that her daughter, Bella, has always lived with her and taken care of her; this would appear to be the governing motive in making a will.

The auditing judge was undoubtedly right; in fact, no other interpretation would have been justified.

All exceptions are dismissed and the adjudication is confirmed absolutely.